UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILED
IN CLERKS OFFICE

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION,

   Plaintiff,

-against-

THE LUBRIZOL CORPORATION and
NOVEON, INC.,

   Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

2006 SEP 27  A 10: 22

DISTRICT COURT
DISTRICT OF MASS.

Civil Action No.

COMPLAINT AND JURY
TRIAL DEMAND

06 CA 1 1 7 3 4 RWZ

MAGISTRATE JUDGE Alexander

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act
of 1964 and Title I of the Civil Rights Act of 1991 to correct
unlawful employment practices on the basis of race and
retaliation by The Lubrizol Corporation and Noveon, Inc.
(hereafter "Defendants"), and to make whole Truc La and Michael
Richer (hereafter referred to as "La" and "Richer,"
respectively, and collectively as "Charging Parties"). As
alleged in greater detail in paragraph 7 below, Defendants
subjected Charging Parties to unlawful discrimination by (1)
creating and failing to remedy a hostile work environment on the
basis of La's race (Asian) and national origin
(Chinese/Vietnamese) and retaliating against him when he
complained; (2) constructively discharging La; and (3)

terminating Richer when he objected to the harassment of La and supported La's claim.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-5(f)(1) and (3).

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the District of Massachusetts.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation, and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. §2000e-5(f)(1) and (3).

4. Noveon, Inc. is a Delaware corporation and a wholly-owned subsidiary of The Lubrizol Corporation. The Lubrizol Corporation is an Ohio corporation. At all relevant times, Defendants continuously operated a plant located in Wilmington,

Massachusetts where both Charging Parties were employed, and continuously employed at least 15 employees.

5.    At all relevant times, Defendants have continuously been employers engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## STATEMENT OF CLAIMS

6.    More than thirty days prior to the institution of this lawsuit, the Charging Parties each filed a charge with the Commission alleging violations of Title VII.  All conditions precedent to the institution of this lawsuit have been fulfilled.

7.    Since at least 2004, Defendants have engaged in unlawful employment practices in violation of Section 703 (a) of Title VII, 42 U.S.C. §2000e-(a) and (b).  These practices included, but are not limited to, the following:

a)    Employees of the Defendants harassed La on account of his race and national origin throughout the term of his employment.  La was born in Vietnam of Chinese parents.  While this harassment often took the form of verbal insults and racially charged comments, La's coworkers also sabotaged the equipment La used on the job and otherwise hindered his ability

3

to excel as a full time extruder operator. Examples of such harassment include, but are not limited to, the following:

    i)   Defendants' employees routinely verbally harassed La,
         ridiculing his accent and calling him "shorty,"
         "truck la la la," "kid," "boy," and "Little Chinese."
         One coworker also suggested that La go back to
         Vietnam, and he physically picked up La and
         threatened to dump him in a garbage can.

    ii)  La's coworkers placed foreign objects such as
         washers, hairnets, and colored pellets into the
         chemical mixture used by the extruding machines, hid
         tools La needed, spit on his equipment, and unplugged
         his machines. When La complained to his supervisors,
         he was instructed to fix the machines and keep
         working or quit.

    iii) One lead extruder operator employed by the Defendants
         often singled out La for repeated harassment.
         Referring to La, he said that he was going to tell
         his uncle, a Vietnam vet, that "he fucked up and
         forgot to shoot one of them while he was over there."
         In a separate incident, when La was having technical
         difficulty with a computer, this employee commented,

4

"I thought all of them were computer literate." This
operator was later promoted to supervisor.

iv) Despite frequent complaints to supervisors and Human
Resources personnel, nothing was done to redress the
harassment La experienced on the job. Defendants did
not conduct an investigation into his complaints
until after he filed a charge of discrimination with
the Commission.

v) La's supervisors retaliated against his complaints of
discrimination by assigning him menial tasks and by
making him a "floater" rather than allowing him to
work at a single machine.

vi) Because of the harassment and lack of support he
received after he complained, La was constructively
discharged on or about June 16, 2005.

b) Defendants also unlawfully retaliated against Richer
when they terminated him for opposing Defendants' harassment of
La and supporting La's claim, as follows:

i) From the time he was hired in December of 2003,
Richer received positive evaluations of his job
performance.

ii) In November of 2005, Richer was contacted by one of
Defendant's employees who had investigated La's

5

charge of discrimination. Richer confirmed to this
employee that La had been a victim of sabotage and
ridicule motivated by racial and ethnic prejudice, in
particular by the employee whose uncle was a Vietnam
vet. This employee was told that Richer had supported
La's claim.

iii) In January of 2006, that employee became Richer's
direct supervisor and, in his first week, took away
Richer's title of Line Leader. On February 1, 2006,
Defendants terminated Richer's employment. When
Richer asked for an explanation, his supervisors
stated "poor performance" and refused to explain what
they meant.

iv) Although Defendants claimed that Richer was
terminated because his performance was poor and he
committed a time clock violation, these explanations
were entirely false. In terminating Richer,
Defendants ignored their progressive discipline
policy by failing to issue him any warnings for his
alleged performance issues. Defendant also
disciplined him more severely for an alleged time
clock violation than a similarly situated coworker.

8. The effect of the practices complained of has been to deprive the Charging Parties of equal employment opportunities, inflict emotional pain and suffering upon them, cause them to suffer financial losses, and otherwise adversely affect them.

9. Defendants' unlawful employment practices complained of above were intentional.

10. The unlawful employment practices complained of above were done with malice or with reckless indifference to the federally protected rights of the Charging Parties.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendants, their officers, successors, assigns, and all persons in active concert or participation with them, from engaging in any employment practices which discriminate on the basis of race or national origin or that retaliate against individuals for engaging in protected activity;

B. Order Defendants to institute and carry out policies, practices and programs which provide equal employment opportunities for employees, and which eradicate the effects of Defendants' past and present unlawful employment practices,

7

including training of all employees and counseling for those found to have harassed employees;

C.   Order Defendants to make whole all those individuals affected by the unlawful employment practices described above, by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of Defendants' unlawful employment practices;

D.   Order Defendants to make whole all those individuals adversely affected by the unlawful employment practices described above by providing compensation for non-pecuniary losses, including pain, suffering, and humiliation in amounts to be determined at trial;

E.   Order Defendants to pay all those individuals adversely affected by the unlawful employment practices described above, by providing compensation for past and future pecuniary losses in amounts to be determined at trial.

F.   Order Defendants to pay all those individuals adversely affected by the unlawful employment practices described above punitive damages for their malicious and/or reckless conduct in amounts to be determined at trial.

G.   Grant such further relief as the Court deems necessary and proper.

8

H.    Award the Commission its costs in this action.

## **JURY TRIAL DEMAND**

The Commission requests a jury trial on all questions of fact raised by its complaint.

Dated: Boston, Massachusetts
       September 27, 2006

                        Respectfully submitted,

                        Ronald S. Cooper
                        General Counsel
                        James L. Lee
                        Deputy General Counsel
                        Gwendolyn Y. Reams
                        Associate General Counsel
                        EQUAL EMPLOYMENT OPPORTUNITY
                             COMMISSION
                        1801 L Street, N.W.
                        Washington, D.C.   20507


                        Elizabeth Grossman  by M P
                        Elizabeth Grossman
                        Regional Attorney
                        EQUAL EMPLOYMENT OPPORTUNITY
                             COMMISSION
                        New York District Office
                        33 Whitehall St., 5th Floor
                        NY, NY 10004-2112
                        (212) 336-3696
                        elizabeth.grossman@eeoc.gov


                        Markus L. Penzel
                        Senior Trial Attorney
                        EQUAL EMPLOYMENT OPPORTUNITY
                             COMMISSION
                        Boston Area Office
                        John F. Kennedy Federal Building
                        Room 475
                        Boston, MA 02203-0506
                        (617) 565-3193
                        markus.penzel@eeoc.gov